| .CARTER, C.J.
New Medico Rehabilitation Center (New Medico) and Landmark Insurance Company appeal a judgment finding the claimant, Ruth Lynch, permanently and totally disabled. After thorough review, we find no error in the analysis or conclusion of the Workers’ Compensation Judge (WCJ). New Medico is correct that the contemporaneous opinion of a vocational rehabilitation expert was not presented. However, the lack of such an expert opinion does not preclude a finding of permanent and total disability. As evidenced in her written reasons for judgment, attached hereto as Appendix A, the WCJ appropriately considered Lynch’s physical incapacity as well as prior unsuccessful attempts at rehabilitation. See Comeaux v. City of Crowley, 01-0032 (La.7/3/01), 793 So.2d 1215, 1224. We agree with the statement of facts and analysis set forth in the WCJ’s written reasons for judgment and adopt them as our own.
Considering the foregoing, the judgment appealed from is affirmed. Costs of this appeal are assessed to New Medical Rehabilitation Center and Landmark Insurance Company.
AFFIRMED.
I.-¡APPENDIX A
DOCKET 02-05110 DISTRICT 6S
OFFICE OF WORKERS’ COMPENSATION
STATE OF LOUISIANA
RUTH LYNCH VS. NEW MEDICO ASSOCIATES & LANDMARK INSURANCE COMPANY
*581 WRITTEN REASONS

Factual/'Procedural Background

Ruth Lynch was injured in the course and scope of her employment on April 21, 1992. New Medico Associates, through its workers’ compensation earner Landmark Insurance Company (“Landmark”) paid 520 weeks of indemnity benefits through May 6, 2002.
Ms. Lynch filed a disputed claim for compensation on July 11, 2002 alleging entitlement to continuing benefits. Landmark answered the claim and the matter ultimately went to trial on February 19, 2003.
Parties entered into the following stipulations: (1) Ms. Lynch was employed by New Medico Associates on April 21, 1992; (2) Ms. Lynch was injured in the course and scope of her employment on April 21, 1992; (3) Landmark Insurance Company was the workers’ compensation carrier for New Medico Associates on April 21, 1992, and (4) Ms. Lynch was paid benefits in the amount of $249.00 per week from April 28, 1992 through March 23, 1994; and $1,268.50 per month from April 18, 1994 through May 6, 2002.
At the conclusion of trial, the court took the matter under advisement to determine the applicability of Comeaux v. City of Crowley, 793 So.2d 1215 (La.2001) to the facts of the instant case.

14Findings of Fact/Conclusions of Law

Ms. Lynch testified at trial that she is currently 65 years old. She stated that as a result of her work-related motor vehicle accident on April 21, 1992, she suffered 12 broken ribs, a fractured elbow, and bilateral pneumothorax, among other things. She was in Intensive care for one week, and in the hospital for a total of 6 weeks. She has had 3 elbow surgeries, and she currently suffers from pain in her back and pelvis, memory loss, and depression.
Ms. Lynch testified that she cannot stay in one position for too long. She stated that she signed up for a computer course some four to five years ago, but could not complete it due to pain. The court found Ms. Lynch to be an extremely credible •witness in every aspect of her testimony.
Medical records introduced into evidence establish that Ms. Lynch has treated on a regular basis with Dr. S.K. Purohit, a surgeon, since the date of her accident. She has also been seen regularly by Dr. Paul Doty, an orthopedic surgeon. In a. June 21, 2002 report, Dr. Purohit opined that Ms. Lynch was permanently and totally disabled from work. Similarly, Dr. Doty stated on November 13, 2002 that Ms. Lynch was not “a viable candidate for employment even in the sedentary capacity”.
Before determining whether Ms. Lynch is permanently and totally disabled under La. R.S. 23:1221(2), this court must determine whether there is a reasonable probability that with appropriate training or education Ms. Lynch may be rehabilitated to the extent that she can achieve suitable gainful employment, and whether it is in her best interest to undertake same. La. R.S. 23:1226(D).
[sThe facts of the instant case are distinguishable from Comeaux, supra. Both Dr. Purohit and Dr. Doty have opined that Ms. Lynch is permanently and totally disabled from any type of work. Based on their opinions and Ms. Lynch’s testimony, the court finds that Ms. Lynch has proven by clear and convincing evidence that she is physically unable to engage in any employment or self-employment.
Additionally, contrary to the Comeaux case, Ms. Lynch submitted to vocational rehabilitation shortly after her accident,
*582 and the evidence indicates that these efforts were abandoned in July of 1992. Ms. Lynch’s own attempt at retraining failed as she was unable to complete the computer training course due to pain. Based on these facts, the court finds that rehabilitation is not a viable option for Ms. Lynch, and as such she is entitled to permanent and total disability benefits in the amount of $249.00 per week.
DONE AND SIGNED this 21st day of February, 2003 in Covington, Louisiana.
/s/ Elizabeth A. Warren
Elizabeth A. Warren
Eastern Division Judge
Office of Workers’ Compensation